**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **SOFTECH WORLDWIDE, LLC.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **INTERNET TECHNOLOGY BROADCASTING CORP., *et al.*,** <br><br> **Defendants.** | ) | **Case No. 1:10-CV-651(JCC/TRJ)** |

**DEFENDANT FEDSTORE CORPORATION'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Softech Worldwide, LLC ("Softech") filed a brief in opposition to defendant FedStore Corporation's ("FedStore") motion to dismiss which argues a theory of liability not alleged in its Amended Complaint and urges the Court to rely on factual allegations in that pleading that are not there. To clarify matters, FedStore offers this brief reply.

**1. Softech's Amended Complaint contains no substantive factual allegations to support either a claim for copyright infringement or misappropriation of trade secrets against FedStore.** The gist of Softech's allegations against FedStore is that (a) FedStore provides the contract vehicle through which defendant Internet Technology Broadcasting Company ("ITBC") is infringing on Softech's copyrighted material and (b) ITBC is misleading FedStore with regard to the ownership and use of Softech's software. (Am. Compl. ¶¶ 47-49.) Softech's opposition brief urges the Court to accept the assertions contained in its "claims for relief" as substantive factual allegations.

(Softech's Br. in Opp. at 15.) Because these allegations are nothing more than bare recitations of the elements of these causes of action, they are insufficient to sustain Softech's case against FedStore. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

**2. Softech now argues that, rather than copyright infringement, it actually sued for contributory and vicarious copyright infringement.** Softech's brief in opposition tries to change the cause of action it asserts against FedStore.[1] This is improper and it should not be considered by the Court. *See Provencio v. Vazquez,* 258 F.R.D. 626, 639 (E.D. Cal. 2009)(holding that "[r]aising what is essentially a new cause of action in an opposition brief to a motion to dismiss" was improper). Even if the Court were to consider these new thoerise, neither of them is factually supported by the allegations in Softech's Amended Complaint.

A claim for contributory copyright infringement requires knowledge of and a material contribution to the infringing activity. See *Marvullo v. Gruner & Jahr,* 105 F. Supp. 2d 225, 230 (S.D.N.Y 2000)(holding that failure to plead any facts that allege that a purported contributory infringer caused or materially contributed to a direct infringer's conduct warrants dismissal of a claim for contributory copyright infringement). The participation by the alleged contributory infringer must be substantial; merely being the vehicle through which another commits an infringing activity is insufficient. *Id.* There are no

---

1 Softech's failure to allege any facts in its Amended Complaint supporting a cause of action for contributory or vicarious copyright infringement is not surprising because such allegations would have to be constructed from whole cloth.

facts alleged that FedStore actually did anything with regards to Softech's alleged copyrighted material. Softech alleges that FedStore has the contract with the Department of Veterans Affairs (the "VA") (Am. Compl. ¶ 47) and that ITBC is misrepresenting to and concealing from FedStore who owns certain software. (Am. Compl. ¶¶ 48, 49.) These allegations do not establish that FedStore has done anything, much less contributorily infringed anyone's copyright.

To establish a claim for vicarious copyright infringement, Softech would have to allege facts that showed FedStore had the right and ability to supervise the infringing activity and that FedStore had an obvious and direct financial stake in the exploitation of Softech's allegedly copyrighted software. *See EMI April Music, inc. v. White*, 618 F. Supp. 2d 497, 507 (E.D. Va. 2009). Softech claims that its allegation that "ITBC utilizes, maintains, and updates" Softech software for the VA "pursuant to a subcontract with Fedstore" is sufficient to establish the "right and ability" prong of this cause of action. (Am. Compl. ¶ 47.) Yet Softech offers no facts regarding the terms of that contract. *Id.* In fact, Softech acknowledges it has no idea what the terms of that contract are and has never seen it. (Softech's Br. in Opp. at 14.) Softech argues that the Federal Acquisition Regulations ("FAR") rescues its Amended Complaint from this obvious problem and cites 48 C.F.R. § 9.104.1, which defines the standard for a responsible prospective contractor. (Softech's Br. in Opp. at 11.) Yet even a cursory review of this section of the FAR clearly shows that the standards enunciated therein deal with a contractor's ability to perform the contract. 48

C.F.R. § 9.104.1. It neither defines nor dictates the rights of, or level of supervision that, a contractor exercises over a subcontractor and it certainly makes no mention of anything to do with copyrights. *Id.* For the proposition offered by Softech, the FAR is unavailing.

Nor has Softech pled any facts to satisfy the "obvious and direct financial stake" prong. Softech's admission that it is unaware of the terms of the contract is also an admission that it no factual basis to allege that FedStore has an "obvious and direct" financial stake in the exploitation of the allegedly infringed software. Other than alleging the existence of a contract which it has not seen, the terms of which it has no knowledge, Softech cites no other factual basis for support its bare allegation. Simply alleging that FedStore has a contract with the VA (Am. Compl. ¶ 47) and that FedStore is selling Softech's software (Am. Compl. Claims for Relief ¶¶ 2, 7) is not enough. See *Marvullo,* 105 F. Supp. 2d at 231. In no case will a mere conclusory allegation, unsupported by any fact, suffice to sustain this improperly asserted, new theory of vicarious copyright liability against FedStore. *See Twombly,* 550 U.S. at 555.

Finally, it is clear from Softech's own pleading that FedStore has no knowledge of any alleged infringing activity by ITBC because, as it alleges, ITBC is misrepresenting to and concealing these facts from FedStore. (Am. Compl. ¶¶ 48, 49.)

**3. Softech still fails to allege any facts to satisfy the knowledge requirement for liability for misappropriation of a trade secret.** To support

its claim for misappropriation of a trade secret under the Virginia Uniform Trade Secrets Act ("VUTSA"), Softech must allege facts to show that FedStore acquired a trade secret that it knew was acquired by improper means or that FedStore knowingly disclosed a trade secret without consent. Va. Code § 59.1-336. Softech has not alleged any facts to support that FedStore knowingly did anything with regard to Softech's software.

Softech tries to save its misappropriation of a trade secret claim by arguing that FedStore "should" have known about ITBC's alleged misappropriation. (Softech's Br. in Opp. at 16.) Yet Softech's allegations contradict such a position. According to Softech, ITBC is misrepresenting to FedStore the ownership the allegedly copyrighted material and ITBC is taking active measures to conceal this from FedStore. (Am. Compl. ¶¶ 48, 49.) The factually unsupported assertion that FedStore "should have known" cannot be shoehorned into satisfying the scienter requirement for this cause of action. *See* Va. Code § 59.1-336.

Because Softech makes no factual allegations that FedStore either acquired a trade secret that it knew was acquired improperly, or that FedStore knowingly disclosed a trade secret without consent, Softech's claim for misappropriation of a trade secret under VUTSA should be dismissed.

**Conclusion**

FedStore respectfully requests the Court dismiss the claims against it for copyright infringement and misappropriation of trade secrets found in Counts I, II, and V of Softech's Amended Complaint.

Dated: October 28, 2010

Respectfully submitted,
FEDSTORE CORPORATION
By Counsel

/s/

David Alan Warrington (VSB# 72293)
Philip J. Harvey (VSB# 37941)
FISKE & HARVEY, PLLC
100 N. Pitt Street, Suite 206
Alexandria, VA 22314
Telephone: (703) 518-9910
Facsimile: (703) 518-9931
dwarrington@fiskeharvey.com
pharvey@fiskeharvey.com
*Counsel for defendant*
*FedStore Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2010, I electronically filed the foregoing Defendant FedStore Corporation's Reply Brief in Support of Its Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notice of such filing to counsel of record who are registered with CM/ECF.

/s/
David Alan Warrington