```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


Softech Worldwide, LLC,         )
                                )
     Plaintiff,                 )
                                )
          v.                    )
                                )     1:10cv651 (JCC)
Internet Technology             )
Broadcasting Corp., et al.,     )
                                )
     Defendants.                )
```

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter is before the Court on Defendant Fedstore Corporation's ("Defendant" or "Fedstore") Motion to Dismiss Plaintiff Softech Worldwide, LLC's ("Plaintiff" or "Softech") complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. Background

The facts of this case are laid out in detail in this Court's August 23, 2010 Memorandum Opinion. [Dkt. 20.] To briefly summarize, Softech creates software permitting video transmission via the Internet. (Compl. ¶¶ 1, 7.) According to the Complaint ("Compl.") [Dkt. 18], Softech was engaged in 2002 by Defendant Internet Technology Broadcasting Corporation ("ITBC") to develop software for the United States Department of

Veterans Affairs (the "VA").  (Compl. ¶ 21.)  From 2002 until early 2010, ITBC allegedly requested numerous software services from Softech, including services pertaining to the Digital-Media-Architecture ("DMA") Pilot Project--a platform for scaling electronic media to various electronic devices.  (Compl. ¶ 15.) Beginning in early 2010, ITBC allegedly ceased making regular payments to Softech for its services.  (Compl. ¶¶ 32, 33, 36, 40.)  Then, in early 2010, ITBC allegedly requested copies of Softech's DMA source code and other allegedly proprietary information, which it then failed to return. (Compl. ¶ 34.) ITBC terminated its relations with Softech soon afterwards. (Compl. ¶¶ 39, 41, 42.)  Still, ITBC allegedly continues to use, maintain, and update Softech's products in its services for the VA.  (Compl. ¶ 45.)

>    Relevant to the instant dispute, ITBC allegedly performs these services pursuant to a subcontract with Fedstore, which is the primary contractor with the VA.  Softech is suing both ITBC and Fedstore, and its claims against both include two counts of copyright infringement and one count of violation of Virginia's Uniform Trade Secrets Act.

>    ITBC moved to dismiss or transfer the instant case to the Middle District of Florida on July 8, 2010. [Dkts. 5, 6.] The Court denied ITBC's motions on August 23, 2010.  [Dkts. 20, 21.]  Fedstore was subsequently served as a defendant in this

action.  [Dkt. 25.]  Fedstore moved for dismissal on October 13, 2010 ("MTD") [Dkts. 32, 33], and Softech responded in opposition on October 25, 2010 ("Opp.") [Dkt. 37].  Fedstore's motion to dismiss is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).  Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."  *Id*. at 1965.  In its recent decision,

3

*Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged approach to be followed in any Rule 12(b)(6) analysis.  First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth.  *Id.* at 1951.  "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice.  *Id.* (citations omitted).  Second, assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief."  *Id.* at 1950-51.  The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully".  *Id.* at 1949.  In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### III. Analysis

The Complaint alleges two counts of copyright infringement and one count of misappropriation of trade secrets against Fedstore.  Defendant argues that Plaintiff's allegations are too sparse to support these claims against Fedstore.  Plaintiff responds that the copyright infringement claims are

supported by theories of contributory liability and vicarious liability, and that the misappropriation of trade secrets count is pled with adequate factual support.  The Court considers these issues in turn.

### A.   Copyright Infringement Counts

Counts I and II both allege copyright infringement under 17 U.S.C. § 501, Count I for Softech's software, and Count II for the DMA interface.  Generally speaking, to state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) copying of the original elements of the material by the defendant.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); 17 U.S.C. § 501.  Here, there are no facts alleged in the Complaint to indicate that Fedstore actually copied any of Softech's software.  Plaintiff contends that Fedstore is "secondarily liable," nonetheless, under theories of contributory liability and vicarious liability.  (Opp. at 7.)

#### *1. Contributory Liability*

Contributory infringement prescribes liability where "one . . . with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.  *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004).  There can be no contributory infringement without direct infringement by another party.  *U-Haul Intern.,*

5

*Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 731 (E.D. Va. 2003). Because this Court has already found direct infringement adequately pled with respect to ITBC, it turns to the remaining elements: knowledge and participation.

### i. Knowledge

"The standard for knowledge is objective: know or have reason to know." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (citation and internal quotation marks omitted). Federal Rule of Civil Procedure 9(b) explains that "malice, intent, *knowledge*, and other condition[s] of mind" may be "alleged generally." (emphasis added). "It is true that Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing . . . 'knowledge . . . [to] be alleged generally.'" *Iqbal*, 129 S. Ct. 1954. "But 'generally' is a relative term." *Id.* "In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. " *Id.* "Rule 9 merely excuses a party from pleading [states of mind] under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8." *Id.*

Plaintiff claims that the following sentence adequately pleads Fedstore's knowledge: "Defendants' . . . Infringement has damaged Softech and has been and continues to

be willful and deliberate with full knowledge of Softech's rights." (Opp. at 10; Compl. Claims ¶¶ 3, 8.)  Were this Court to read that statement on its own, it would be inclined to agree.  This Court reads the Complaint *as a whole*, however, and takes *all* the facts asserted therein as true. *Myers v Lee*, 1:10cv131, 2010 WL 3745632, at *2 (E.D. Va. Sept. 21, 2010) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Plaintiff's cited statement regarding knowledge--unchanged from the original June 10, 2010 Complaint which, interestingly, did not list Fedstore as a defendant--belies the statement, made elsewhere in the Complaint, that "ITBC represents publicly, *including to Fedstore* and to others, that it owns, developed, or sponsored some or all of the Softech Software in a manner calculated to mislead the public, the trade, and consumers." (Compl. ¶ 47 (emphasis added).)  It also belies the statement that "ITBC takes active measures to restrict the visibility of Softech, *including to Fedstore* and others, in providing the ITBC Services in a manner calculated to mislead the public, the trade, and consumers." (Compl. ¶ 48 (emphasis added).)

The gist of these two sentences is that ITBC represents to the world--*including to Fedstore*--that it, and not Softech, possesses the copyright to the software at issue. This

Court cannot, therefore, "accept all well-pleaded allegations" while reading the Complaint as adequately averring Fedstore's knowledge of ITBC's alleged infringement.  This Court therefore cannot find contributory infringement by Fedstore.

### *ii.* Participation

"Inadvertent participation in infringing activities does not give rise to contributory liability." *Basketball Mktg. Co., Inc. v. FX Digital Media, Inc.* 257 F. App'x 492, 495 (3d Cir. 2007).  Rather, participation must be substantial. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

Softech argues that by pleading that ITBC and Fedstore are "in contractual, vertical privity" and that ITBC's activities are all done at Fedstore's ultimate direction-- Fedstore is a substantial participant in ITBC's infringement. (Opp. at 10-11.)  In other words, by delegating its responsibilities to a subcontractor that is infringing, Fedstore is a substantial participant in the infringement.

Yet this argument again runs into the two above-mentioned portions of the Complaint, both of which state that ITBC deceives others, including Fedstore, as to its infringement activities. (Compl. ¶¶ 47, 48.)  Again, taking these statements as true, they show that while Fedstore may indeed have delegated certain duties to ITBC as its subcontractor, ITBC acts very much

independently--as a sort of "rogue" subcontractor--in performing those duties, particularly when it comes to the alleged infringement.  The Complaint therefore fails to adequately allege substantial participation as required to prove contributory liability.

*2. Vicarious Liability*

Plaintiff also argues that its infringement claims are supported by a theory of vicarious liability.  Vicarious liability for copyright infringement serves the important public interest of "prevent[ing] an entity that profits from infringement from hiding behind undercapitalized 'dummy' operations when the copyright owner eventually sues."  *Nelson-Sabales, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002) (quoting *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992)).  "[T]o establish vicarious liability, a copyright owner must demonstrate that the vicarious infringer possessed: (1) the right and ability to supervise the infringing activity; and (2) an obvious and direct financial interest in the exploited copyrighted materials."  *Id.* at 513.  "[L]ack of knowledge that the primary actor is actually engaged in infringing activity is not a defense where both elements are satisfied."  *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 507 (E.D. Va. 2009).

Both elements are fairly pled here.  Softech alleges that ITBC is directly infringing its copyrights in the course of its work under a subcontract with Fedstore--the primary contractor to the VA.  (Compl. ¶ 46.)  That allegation adequately pleads Fedstore's right and ability, as general contractor, to supervise the infringing activities of its subcontractor, ITBC.  It also adequately pleads Fedstore's financial interest in ITBC's alleged infringement, as does the allegation that Fedstore seeks to sell Softech's allegedly copyrighted software (*See* Compl. Claims at ¶¶ 2, 7).

This Court will therefore deny the Motion to Dismiss Counts I and II.

### B.   Misappropriation of Trade Secrets

Count V of the Complaint alleges a violation of the Virginia Uniform Trade Secrets Act (the "VTUSA") pursuant to Va. Code § 59.1-336-43.  To state a claim of misappropriation of trade secrets under the VTUSA, a plaintiff must prove that "(1) the information in question must constitute a trade secret, and (2) that trade secret must have been misappropriated." *MicroStrategy Inc. v. Business Objects, S.A.*, 331 F. Supp. 2d 396, 416 (E.D. Va. 2004).

The first question, then, is whether the Complaint fairly pleads a trade secret.  The VTUSA defines a "trade secret" as

10

> information, including but not limited to, a
> formula, pattern, compilation, program, device,
> method, technique, or process, that: [d]erives
> independent economic value, actual or
> potential, from not being generally known to,
> and not being readily ascertainable by proper
> means by, other persons who can obtain economic
> value from its disclosure or use, and [i]s the
> subject of efforts that are reasonable under
> the circumstances to maintain its secrecy.

Va. Code § 59.1-336. "Just about anything can constitute a trade secret under the right set of facts." *Microstrategy Inc.*, 331 F. Supp. 2d at 416. "Software components . . . may be trade secrets covered by the [VTUSA]." *MicroStrategy v. Li*, 268 Va. 249, 263 (2004). To prove that its software constitutes trade secrets, Softech must plead the following: (1) that the software had economic value from not being generally known and readily ascertainable, and (2) that reasonable efforts were made to maintain its secrecy. *Id.*

Softech validly pleads both. The Complaint is built upon the notion that the software was valuable because it was not generally available and that reasonable efforts were made to protect its secrecy. The Court therefore moves to the question of whether the Complaint fairly pleads misappropriation.

VTUSA recognizes misappropriation where a trade secret is disclosed or used without consent by a person who, "at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was" derived via improper means,

11

in violation of a duty of confidentiality, or acquired by accident or mistake.  Va. Code. § 59.1-336 (defining "misappropriation").  Softech argues that Fedstore is using a trade secret acquired by improper means because "[o]ne who accepts or uses a disclosure from a third person that is in breach of a duty of confidence owed by a third person to the trade secret owner, also acquires the trade secret by improper means."  (Opp. at 16 (citing *Colgate-Palmolive Co. v. Carter Prods., Inc.*, 230 F.2d 855, 864-65 (4th Cir. 1956)).)

Misappropriation also includes a *knowledge* element, however, as mentioned several times in *Colgate* and as noted by Softech.  230 F.2d at 863-64 ("Colgate knew of Fine's employment [with a competitor] and his work [for that competitor] on the development of [the shaving cream formula], which Colgate had been unable to produce even after purchasing it on the market and having it analyzed."); *id.* at 864 ("Colgate could not close its eyes to facts which indicated that this was what he was doing. . . ."); *id.* at 865 ("'The rule is well settled that secret formulas and processes . . are property rights which will be protected by injunction . . . against those who are participating in [attempts to disclose or use them] *with knowledge of such confidential relations*. . . .") (emphasis added) (quoting *Herold v. Herold China & Pottery Co.*, 257 F. 911, 913 (6th Cir. 1919)); (Opp. at 16 ("The trade secret

misappropriation universe extends beyond mere takings; use and disclosure, *coupled with knowledge of another's improper taking*, are grounds for liability.") (emphasis added).)

As explained earlier, reading the Complaint as a whole and taking Softech's allegations as true, this Court cannot find that Fedstore knew of ITBC's alleged infringement (*See* Compl. ¶¶ 47, 48.)  The Complaint states that ITBC represents to Fedstore that the allegedly infringed material is its own and takes active measures to reduce Softech's visibility--statements that cannot be squared with the notion of Fedstore using software it knows or should know belongs to Softech.  *See id.*  This Court therefore cannot find the element of misappropriation met, and will grant dismissal of Count V.

### IV. Conclusion

For the reasons stated above, the Court will grant in part/deny in part Defendant's Motion to Dismiss.  An appropriate order will issue.

|  |  |
|---|---|
| November 8, 2010 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |